Cite as 2021 Ark. App. 46

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-19-486

| | |
|---|---|
| STEVE WILSON AND SUSAN WILSON<br>APPELLANTS<br><br>V.<br><br>VOY GILLENTINE AND STEPHANIE<br>GILLENTINE<br>APPELLEES | **Opinion Delivered** February 3, 2021<br><br>APPEAL FROM THE CRAIGHEAD<br>COUNTY CIRCUIT COURT,<br>WESTERN DISTRICT<br>[NO. 16JCV-16-408]<br><br>HONORABLE RICHARD LUSBY,<br>JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Susan and Steve Wilson purchased the home of Stephanie and Voy Gillentine in 2015. The Wilsons subsequently filed suit alleging that the Gillentines had committed fraud and constructive fraud by making misrepresentations in the "Seller Property Disclosure" form that the Gillentines filled out in conjunction with the sale. The Craighead County Circuit Court granted the Gillentines' motion for summary judgment and dismissed the Wilsons' complaint. The Wilsons now appeal. We affirm the order of the circuit court.

The Wilsons alleged that the Gillentines had misrepresented problems with the home's septic system and had misrepresented that the enclosure of the garage had occurred following the issuance of a permit. On appeal, the Wilsons have abandoned any arguments regarding the septic system. Question 7 of the "Seller Property Disclosure" asked whether there had been any room additions, structural modifications, or other alterations or repairs made to the property since it was originally constructed. The Gillentines responded yes and, in the space requesting

that they explain any yes answers, stated that they had enclosed a garage in 2011–2012 for an additional bedroom. Question 8 asked, "To your knowledge were such structural changes done following issuance of a permit and in compliance with building codes." The Gillentines again marked yes, and in the space for explanation, they wrote that the work was "done by professional contractor."

The Gillentines' first motion for summary judgment was denied as premature due to ongoing discovery. In their second motion for summary judgment, they argued that the Wilsons could not prove that they misrepresented or failed to disclose a material fact about the garage enclosure; instead, they claimed that the only inferences supported by the proof were that they disclosed what they knew to be true and correct at that time. The Gillentines also argued that the Wilsons could not prove justifiable reliance due to their failure to take affirmative steps to further inspect or inquire into the conditions of the home before closing on the property.

In their response, the Wilsons argued that the garage enclosure was not properly permitted and that the Gillentines failed to present any permits when requested in discovery. The Gillentines' responses to interrogatories and requests for production were attached wherein they were asked to provide a copy of any permits. In response, they stated that "Jim Loflin with Ridgeland Construction or Craighead Co. or the City of Jonesboro would have any permits issued, if in fact required." The Wilsons argued that the fact that the Gillentines may have assumed the work was permitted and were unaware of the falsity of their answer was unavailing. The also argued that whether they justifiably relied on the Gillentines' disclosures was a question of fact for the jury.

Following a hearing, the circuit court granted the Gillentines' motion for summary judgment and dismissed the case. The court found that the Gillentines' answer to the question regarding the permit was "not a false representation of material fact, or non-disclosure, and was in fact true to the best of their knowledge as evidenced by their explanation on page five that the garage enclosure was 'Done by professional contractor.'" The court also found that the Wilsons could not justifiably rely on the Gillentines' answer to assume that the garage enclosure was done following issuance of a permit and in compliance with building codes. Further, the court found that the Wilsons had presented no evidence that the garage enclosure was not permitted or not in compliance with building codes.

Summary judgment may be granted by a circuit court only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, clearly show that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Worley v. City of Jonesboro*, 2011 Ark. App. 594, 385 S.W.3d 908. When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Id.* When a party cannot present proof on an essential element of a claim, the party moving for summary judgment is entitled to judgment as a matter of law. *Id.* On appeal, this court need only decide if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* In making this decision, this court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

3

To establish fraud, the following elements must be proved: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Beatty v. Haggard*, 87 Ark. App. 75, 184 S.W.3d 479 (2004). A person may commit fraud even in the absence of intent to deceive. *Worley*, *supra*. With constructive fraud, liability is based on representations that are made by one who, not knowing whether they are true or not, asserts them to be true. *Id*. Thus, neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud, and a seller's lack of knowledge of the material representations asserted by him to be true or his good faith in making the representations is no defense to liability. *Beatty*, *supra*. In fact, it has been said that constructive fraud generally involves a mere mistake of fact. *Id*.

The Wilsons argue that the Gillentines failed to establish a prima facie entitlement to summary judgment due to their failure to present any evidence establishing that the garage enclosure was permitted. The Wilsons contend that if a permit had been issued, the Gillentines could easily prove it by "requesting the permits from the man that they paid to do the work, requesting them from city hall, or checking their filing cabinets."

We agree with the Gillentines, however, that offering proof of a permit was not their burden. A circuit court should grant summary judgment to a defendant if he or she conclusively shows that some fact essential to the plaintiff's cause of action is lacking and the plaintiff is unable to offer substantial evidence to the contrary. *Carnical v. McAfee*, 68 Ark. App. 313, 7 S.W.3d 350 (1999). The Gillentines asserted that the Wilsons could not demonstrate that any false statements were made on the disclosure form, and they offered proof for this claim. In an

4

excerpt from Susan Wilson's deposition attached as an exhibit to the Gillentines' motion for summary judgment, she said that she "can't really answer" whether the Gillentines correctly answered yes to the permit question on the disclosure form.

In response to the summary-judgment motion, the Wilsons failed to offer proof that the yes answer was a false representation. In his deposition, Voy Gillentine testified that he had assumed the contractor had obtained any necessary permits, but he did not say whether that turned out to be true or false. In the deposition excerpts of Stephanie Gillentine and Steve Wilson, the issue of whether a permit had, in fact, been obtained is not addressed. Accordingly, there is no deposition testimony or other evidence that was submitted to meet proof with proof on the issue of false representation. When a party cannot present proof on an essential element of a claim, the party moving for summary judgment is entitled to judgment as a matter of law. *Worley*, *supra*. The Wilsons have failed to submit proof on the first element of fraud because, as the circuit court found, they presented no evidence that the garage enclosure was not permitted or not in compliance with building codes. As such, summary judgment was appropriate, and we affirm.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*The Troutt Law Firm*, by: *R. Scott Troutt*, for appellants.

*Gramling Law Firm, PLC*, by: *James F. Gramling, Jr.*, for appellees.